## Case No. 11,340.

### POTTER v. THAYER et al.

[Holmes, 293; 6 Fish. Pat. Cas. 603; 2 O. G. 32.] [1]

Circuit Court, D. Massachusetts. Dec. 2, 1873.

#### PATENTABLE INVENTION—INFRINGEMENT.

1. It is not a patentable invention to substitute in a device for securing a button-head or stud to a helical shank, a disk soldered to the shank and sunk in the head or stud, and having a serrated edge to keep it from turning, in place of a disk so soldered and sunk, having a smooth edge.

2. A patent for a device for attaching a button-head to a helical shank by means of a disk with a smooth edge, soldered to the shank and sunk in the button-head, in combination with one or more cross-bars secured to the shank or head and resting in grooves in the bottom of the head radial to the shank, is not infringed by a stud in which a disk with a serrated edge to hold it in place is soldered to a helical shank and sunk in the stud-head.

[Final hearing on pleadings and proofs. Suit brought [by Charles L. Potter against Oscar S. Thayer and others] upon letters patent for "improvement in devices for attaching the shanks to mineral and composition buttons," granted Charles L. Potter, December 13, 1870 [No. 110,070]. The claim of the patent was as follows, viz.: "What I claim as my invention, and desire to secure by letters patent, is that improvement in the means for fastening shanks to mineral and other like buttons, which consists in combining a cross-bar b with a base-plate a, to which latter the shank is attached, both cross-bar and plate

¹ [Reported by Jabez S. Holmes, Esq., and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from Holmes, 293, and the statement is from 6 Fish. Pat. Cas. 603.]

being secured to the button-head, substantially as described."] [2]

B. F. Thurston and W. W. Swan, for complainant.
C. D. Wright and J. E. Maynadier, for defendants.

SHEPLEY, Circuit Judge. Complainant is the patentee of an improvement in devices for attaching the shanks to mineral and composition buttons. Oscar S. Thayer, one of the defendants, has also taken out a patent of a subsequent date for an improvement in shirt-studs, which related to the method of securing the helical screw more firmly to the button of a shirt-stud by means of teeth formed on the edge of the cup which is sunk into the button.

The method first adopted of securing the helix of wire to a shirt-stud or button, was to solder the wire to a small disk of metal. This disk was then dipped in cement, and pressed closely into the hole sunk in the stud. The hardening of the cement held the disk firmly in the hole. Afterwards the use of cement was dispensed with, and the metal disk was made cup-shaped. The wire was soldered to the convex side of the cup-shaped disk. The cup was then placed in the hole in the stud, and a small tool was used to flatten the cup, and cause its edges to force themselves into the material of the stud. Defendant makes his disk and places it in the hole in the same way, and flattens it with the same tool; the only difference being that the edge of his disk is roughened or serrated, to overcome the liability of the disk to be turned in the hole by the action of screwing the helical shank into the hole in the shirt.

The complainant makes use of the same device of a disk soldered to the shank, to be inserted in the same way into a circular cavity in the bottom of the button, and held by cement, or burnished down at the edge; but, in addition thereto, he employs a metallic cross-bar, which is soldered to the plate or shank, and is let into channels cut in the bottom of the button radial to the shank. The ends of the cross-bar are also bent, to enter holes drilled in the button-head at the ends of such channels.

The object of the complainant's invention was to obviate the difficulty which had been experienced in attaching such shanks to the head so as to prevent them from becoming loosened by the operation of screwing in and out the button.

Complainant contends that defendants' serrated disk is the equivalent of his combined base-plate, or disk, and cross-bar. His position, substantially, is, that any projection from the periphery of the disk would be an equivalent of his cross-bar. If his patent were to receive a construction as broad as contended for, it could not be sustained, for it would then be a patent for substituting for a

² [From 6 Fish. Pat. Cas. 603.]

circular disk that turned in a circular hole, a form of disk and hole other than circular. If the difficulty to be obviated was that the circular disk attached to the shank became loosened and turned in the circular hole in the operation of screwing in and out the button, it required no invention to substitute for the circular disk a square or triangular one, or one of any form not circular. This is what Thayer has done, and it is very difficult to see sufficient invention to support his patent for a mere substitution of a serrated edge which is forced into cavities which it makes in the button, or cavities made to receive it, for the circular edge which had been before used. It required no invention in the complainant merely to substitute a form of disk not circular for the old circular disk. This is what is done whenever a mechanic uses a spline or fin to prevent one thing from turning upon another. The complainant did not do this merely. With reference to the materials to which his shank is intended to be applied ("mineral and composition buttons"), he found that there were practical difficulties in making the hole in the stud square or triangular or polygonal, as the hole could only be made cheaply by boring. But, by the tools in common use, a slot could be sawed or cut across the hole, and, if necessary, other holes bored at the extremity of the slot to receive the bent ends of the cross-bar which fitted into the slot. For this combination his patent can be supported; but his claim cannot be sustained upon a construction broad enough to cover any form of disk which is not circular. As it required no invention in the state of the art as it existed at the date of complainant's invention to substitute a disk with a serrated edge for the old disk with a circular edge, and as this is all that the defendants have done, they cannot be considered as infringing upon his patent, which is for the combined cross-bar and disk, both disk and cross-bar being arranged as described in his patent.

Bill dismissed.